UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**FILED**
NOV 20 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BRYAN WILSON #39629-007  \*
U.S.P. HAZELTON
P.O. BOX 2000  \*
BRUCETONMILLS, WV. 26525,
   Plaintiff,  \*

         \*

v.

THOMAS D. ENGLE, ESQ., #387676  \*  Case: 1:14-cv-01964
SUITE 900 SOUTH         \*  Assigned To : Unassigned
601 PENNSYLVANIA AVENUE, N.W.    Assign. Date : 11/20/2014
WASHINGTON, D.C. 20004,  \*  Description: Pro Se Gen. Civil

BURKA AND ENGLE, P.L.L.C.  \*
SUITE 900 SOUTH
601 PENNSYLVANIA AVENUE, N.W.  \*
WASHINGTON, D.C. 20004,
   Defendants.  \*

## STATEMENT OF JURISDICTION

The United States District Court for the District of Columbia has jurisdiction over the above captioned case under diversity of citizenship. Plaintiff is currently incarcerated at a corrections facility located in West Virginia. Defendants are an attorney and his law firm located in the District of Columbia. The events which make up the basis of this action took place in the District of Columbia Court of Appeals. The amount in controversy, without interest and costs, exceeds the sum specified by 28 U.S.C. §1332.

## COMPLAINT

Thomas D. Engle and Burka And Engle, P.L.L.C. were appointed by the District of Columbia Court of Appeals to represent the plaintiff on direct review of a judgment of conviction stemming from a criminal matter in the Superior Court of the District of

**RECEIVED**
NOV - 3 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



Columbia. (United States v. Bryan Wilson, 2005-FEL-5634)

Trial Transcripts show that during the plaintiff's trial, facts and evidence were adduced which should have alerted the trial court to the need to order a full evidentiary hearing on the voluntariness of statements which had been elicited and recorded by an informant acting as an agent of the government, who had threatened and physically assaulted the plaintiff in an effort to get the plaintiff to confess. However, the trial court made the determination that the recorded statements were not violative of any issues, and admitted these statements into evidence without affording the plai-tiff an evidentiary hearing, which was his right under the Due process Clause of the Fifth Amendment.

3) Upon learning of Mr. Engle's appointment as appellate counsel, the plaintiff wrote Mr. Engle and expressed his desire to have Mr. Engle look into a possible claim resulting from the threat and violence of the government's agent, specifically, a coercion claim. Mr. Engle responded, incorrectly, that this was an "issue that the jury, not the Court of Appeals, would asses." Mr. Engle's response reveals that Mr. Engle had not properly researched controlling law concerning the proper procedure for determining the voluntariness of statements during trial.

4) Had Mr. Engle properly researched controlling law, he would have found that under Jackson v. Denno, 378 U.S. 368 (1964), the jury is not to hear a defendant's statements until the judge, or a differnt jury, has determined that the statements were voluntarily given.

5) Mr. Engle would have also found that, in this jurisdiction,

allegations and evidence adduced during trial which would put into question the voluntariness of a defendant's statements, impose a duty on the trial court to follow the procedural rule of Jackson v.-Denno even in the absence of a specific voluntariness objection from defense counsel. See United States v. Powe, 591 F.2d 833 (D.C. Cir. 1977) and Wells v. United States, 407 A.2d 1081 (D.C. 1979).

6) The plaintiff contends that had Mr. Engle raised the claim that allegations and evidence of threats and violence at the hands of the government's agent was sufficient to impose on the trial court the duty to hold a full evidentiary hearing on the voluntariness of the plaintiff's statements prior to allowing the jury to hear the statements, the District of Columbia Court of Appeals would have been bound by the holdings of Jackson, Powe, and Wells to remand the case to the trial court so as to conduct a full hearing on the voluntariness of the statements. This would have allowed the plaintiff the opportunity to exercise his constitutional right to present evidence and testimony which would build a more complete record as it related to the claim, and substantiate the claim.

7) The plaintiff further contends that Mr. Engle's failure to adequately and diligently research controlling law of the claim caused Mr. Engle to reject a viable claim which would have secured a more favorable outcome (i.e. remand for hearing) to the plaintiff's direct appeal. Thus, Mr. Engle prejudiced the plaintiff during the direct appeal process in violation of District of Columbia Bar rules 1.1 (a) and 1.3. Rule 1.1 (a) states in pertinent part: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness,

and preparation reasonably necessary for the representation. Rule 1.3 states in pertinent part: (a) A lawyer shall represent a client zealously and diligently within the bounds of the law. (b) A lawyer shall not intentionally: (1) fail to seek the lawful objectives of a client through reasonably available means permitted by the law and the disciplinary rules; or (2) prejudice or damage a client during the course of the proffessional relationship.

8) Therefore, the plaintiff files this claim against defendant's Thomas D. Engle, Esq., and Burka and Engle P.L.L.C. for legal malpractice and breach of fiduciary duty, and demand compensation from Thomas D. Engle, Esq. in the amount of $500,000, and from Burka And Engle P.L.L.C. in the amount of $1,000,000.

Respectfully submitted,

*Bryan K Wilson*
Bryan Wilson #39629-007
U.S.P. Hazelton
P.O. Box 2000
Brucetonmills, WV. 26525

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

BRYAN WILSON #39629-007        *
U.S.P. HAZELTON
P.O. BOX 2000                  *
BRUCETONMILLS, WV. 26525,
        Plaintiff,          *

                              *

    v.                         *

THOMAS D. ENGLE, ESQ.,
SUITE 900 SOUTH                *
601 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004,        *

BURKA AND ENGLE, P.L.L.C.      *
SUITE 900 SOUTH
601 PENNSYLVANIA AVENUE, N.W.  *
WASHINGTON, D.C. 20004,
        Defendants.           *

---

## NOTICE OF A LAW SUIT AND REQUEST
## TO WAIVE SERVICE OF A SUMMONS

**TO:** Burka And Engle, P.L.L.C.,

    A law suit has been filed against you, or the entity you represent, in this Court under the number shown above. A copy of the complaint is attached.

    This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

    If you return the signed waiver, I will file it with the Court. The action will then proceed as if you had been served

(Continued)

on the date the waiver was filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the complaint.

If you do not return the signed waiver within the time indicated, I will arrange to have a summons and complaint served on you. And I will ask the Court to require you, or the entity you represent, to pay the expense of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

_10/27/2014_
Date

_Bryan K Wilson_
Bryan Wilson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

BRYAN WILSON #39629-007　　　　　　＊
U.S.P. HAZELTON
P.O. BOX 2000　　　　　　　　　　　　＊
BRUCETONMILLS, WV. 26525,
　　　　　　Plaintiff,　　　　　　＊

　　　　　　　　　　　　　　　　　　＊
　　v.
　　　　　　　　　　　　　　　　　　＊
THOMAS D. ENGLE, ESQ.,
SUITE 900 SOUTH　　　　　　　　　　＊
601 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004,　　　　　　＊

BURKA AND ENGLE, P.L.L.C.　　　　　＊
SUITE 900 SOUTH
601 PENNSYLVANIA AVENUE, N.W.　　　＊
WASHINGTON, D.C. 20004,
　　　　　　Defendants.　　　　　　＊

---

**NOTICE OF A LAW SUIT AND REQUEST
TO WAIVE SERVICE OF A SUMMONS**

**TO:** Thomas D. Engle, Esq.,

A law suit has been filed against you, or the entity you represent, in this Court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the Court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you return the signed waiver, I will file it with the Court. The action will then proceed as if you had been served

**(continued)**

on the date the waiver was filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the complaint.

If you do not return the signed waiver within the time indicated, I will arrange to have a summons and complaint served on you. And I will ask the Court to require you, or the entity you represent, to pay the expense of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

_10/27/2014_
Date

_Bryant K. Wilson_
Bryan Wilson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

BRYAN WILSON #39629-007           *
U.S.P. HAZELTON
P.O. BOX 2000                     *
BRUCETONMILLS, WV. 26525,
        Plaintiff,        *

                              *
   v.
                              *
THOMAS D. ENGLE, ESQ.,
SUITE 900 SOUTH                   *
601 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004,           *

BURKA AND ENGLE, P.L.L.C.         *
SUITE 900 SOUTH
601 PENNSYLVANIA AVENUE, N.W.     *
WASHINGTON, D.C. 20004,
        Defendants.       *

---

## WAIVER OF THE SERVICE OF SUMMONS

**TO: Bryan Wilson, Plaintiff**

    I have received your request to waive service of a summons in this action along with a copy of the complaint, and two copies of waiver form.

    I, or the entity I represent, agree to save the expenses of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all Defenses or objections to the law suit, the Court's jurisdiction and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under rule 12 of the Federal Rules of Civil Procedure within 60 days from_____ (the date when the request was sent). If I fail to do so, a default judgment

**(Continued)**

will be entered against me or the entity I represent.

_____          _____
         Date                              Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

BRYAN WILSON #39629-007          *
U.S.P. HAZELTON
P.O. BOX 2000                    *
BRUCETONMILLS, WV. 26525,
         Plaintiff,              *

                                 *

   v.
                                 *

THOMAS D. ENGLE, ESQ.,
SUITE 900 SOUTH                  *
601 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004,          *

BURKA AND ENGLE, P.L.L.C.        *
SUITE 900 SOUTH
601 PENNSYLVANIA AVENUE, N.W.    *
WASHINGTON, D.C. 20004,
         Defendants.             *

## WAIVER OF THE SERVICE OF SUMMONS

**TO: Bryan Wilson, Plaintiff**

I have received your request to waive service of a summons in this action along with a copy of the complaint, and two copies of waiver form.

I, or the entity I represent, agree to save the expenses of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all Defenses or objections to the law suit, the Court's jurisdiction and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under rule 12 of the Federal Rules of Civil Procedure within 60 days from_____ (the date when the request was sent). If I fail to do so, a default judgment

**(Continued)**

will be entered against me or the entity I represent.

_____   _____
Date                              Signature

## DUTY TO AVOID UNNECESSARY EXPENSES
## OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and other defenses and objections, but you can not object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under rule 12 of the Federal Rules of Civil Procedure on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| BRYAN WILSON #39629-007<br>U.S.P. HAZELTON<br>P.O. BOX 2000<br>BRUCETONMILLS, WV. 26525,<br>    Plaintiff, | *<br>*<br>*<br>* |
| v. | * |
| THOMAS D. ENGLE, ESQ.,<br>SUITE 900 SOUTH<br>601 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C. 20004, | *<br>*<br>* |
| BURKA AND ENGLE, P.L.L.C.<br>SUITE 900 SOUTH<br>601 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C. 20004,<br>    Defendants. | *<br>*<br>*<br>* |

**REQUEST FOR U.S. MARSHAL
TO EFFECT SERVICE**

Comes now, Bryan Wilson, plaintiff in the above captioned case, and hereby requests that this honorable Court order service of complaint and summons in the above captioned case be carried out by U.S. Marshal Service

The plaintiff is currently incarcerated and proceeding in forma pauperis. Plaintiff is therefore unable to secure service himself.

Therefore, the plaintiff respectfully requests the Court to order that service of the complaint and summons be effected by the U.S. Marshal Service.

_10/27/2014_
Date

_Bryan B. Wilson_
Bryan Wilson #39629-007