**FILED**
**NOV 2 0 2014**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS D. ENGLE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case: 1:14-cv-01964 <br> Assigned To : Unassigned <br> Assign. Date : 11/20/2014 <br> Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

Plaintiff brings this action against Thomas D. Engle and Burke & Engle, P.L.L.C., counsel appointed by the District of Columbia Court of Appeals to represent plaintiff on direct review of his criminal conviction in the Superior Court of the District of Columbia. *See* Compl. at 1. He alleges that counsel "had not properly researched controlling law" relevant to an argument that a government witness had been coerced into testifying against him at trial. *See id.* at 2-3. As a result, plaintiff alleges, counsel "rejected a viable claim which would have secured a more favorable outcome (i.e. remand for hearing) to the plaintiff's direct appeal." *Id.* at 3. For counsel's alleged "legal malpractice and breach of fiduciary duty," plaintiff demands compensatory damages totaling $1,500,000. *Id.* at 4.

Twice plaintiff has brought – and lost – a claim of ineffective assistance of appellate counsel. *See Wilson v. O'Brien*, 869 F. Supp. 2d 169 (D.D.C. 2012) (denying ineffective assistance of appellate claim), *appeal dismissed per curiam*, No. 12-5225, 2013 WL 216328, at *1 (D.C. Cir. Jan. 4, 2013); *Wilson v. United States*, No. 07-CF-1097 (D.C. Ct. of App. filed Sept. 10, 2010) (per curiam) (order denying *pro se* motion to recall the mandate). These rulings



preclude plaintiff's pursuit of a third claim of ineffective assistance of appellate counsel. *See McCord v. Bailey*, 636 F.2d 606 (D.C. Cir. 1980) (finding that legal malpractice claim barred after adverse determination of ineffective assistance of counsel claim), *cert. denied*, 451 U.S. 983 (1981). He cannot evade this outcome by casting his claim as one for legal malpractice, *see Smith v. Pub. Defender Serv. for the Dist. of Columbia*, 686 A.2d 210 (D.C. 1996), or for breach of fiduciary duty, *see Hinton v. Rudasill*, 384 F. App'x 2 (D.C. Cir. 2010) (per curiam).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint because it fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 11/18/2014

_____
United States District Judge